UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARC TARZY,                                               Civil Action No.:
                Plaintiff,

    -against-                                              **CLASS ACTION COMPLAINT**

COHEN & SLAMOWITZ, L.L.P.,                   **DEMAND FOR JURY TRIAL**

                Defendant(s).
-------------------------------------------------------------------X

      Plaintiff MARC TARZY ("Plaintiff") by and through his attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant, COHEN & SLAMOWITZ, L.L.P. (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

    2.    Plaintiff MARC TARZY is a resident of the State of New York, residing at 3402 Bedford Avenue, Brooklyn, New York 11210-4549.

    3.    Defendant COHEN & SLAMOWITZ, L.L.P. is a law firm duly organized and existing under the laws of the State of New York with their main business address at 199 Crossways Park Drive, Woodbury, New York 11797-2016.

    4.    Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692a (3).

    5.    Defendant is a "debt collector", as defined and used in the FDCPA under

15 U.S.C. § 1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

9. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

11. The debt collection notices and/or letters/communications from Defendant,

received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

15. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from the Plaintiff in March or April, 2013.

23. Upon information and belief, and better known to the Defendant, the Defendant continued its collection efforts and campaign of communications with the Plaintiff by sending a notice to the Plaintiff's home in early April, 2013 with the heading in

large, bold, upper case letters: "Repayment Option Letter."

24.     Defendant's name "Cohen & Slamowitz, L.L.P." and post office box address is imprinted in the top left hand corner of the aforementioned notice and the telephone number 800 293 6006, Ext. 8950 is printed in a box in the body of the notice, otherwise the notice does not provide a signature or name of any representative of Defendant.

25.     At the bottom of the aforementioned notice, Defendant states that "This communication is from a "debt collector." Defendant identifies itself as a debt collector but does not indicate that Defendant is a law firm. Considering that Defendant is, in fact, a law firm, it fails to disclose that no attorney has reviewed the particular circumstances of Plaintiff's accounts as of the date of Defendant's notice.

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

26.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27.     15 USC §1692 e - preface prohibits a debt collector from engaging in any false, deceptive or misleading representation in connection with the collection of a debt.

28.     By designing a notice with the misleading heading "repayment option letter" and no identification other than that it is a debt collector, Defendant concealed the fact that Defendant is a law firm and that should Plaintiff contact Defendant at the telephone number it provided, the representative whom Plaintiff would speak with would be engaged in the legal profession. Moreover, given that Defendant is a law firm, by failing to disclose this fact and that the particular details concerning Plaintiff's accounts have not been reviewed by an attorney, Defendant violated 15 USC §1692 e – preface.

29. 15 USC §1692 f - preface prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect a debt.

30. By unfairly misrepresenting Defendant's company as a debt collector and deliberately withholding the information that Defendant is a law firm with legal recourse at its disposal and urging Plaintiff to contact Defendant and/or send payment to Defendant without this knowledge, and by failing to disclose to Plaintiff that as of the writing of its notice, no attorney has reviewed the particular circumstances of Plaintiff's debt, Defendant unfairly and unconscionably placed Plaintiff at a disadvantage and is thus, in violation of 15 USC §1692 f –preface.

31. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

32. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For mandatory statutory damages of $500 each provided and pursuant

    to 47 USC §227(c)(2)(G)(3)(B), for the first call on or about August, 2012 for a total of five hundred ($500.00) dollars;

G. Plaintiff requests trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's two (2) willful or knowing violations of the TCPA, for additional damages of forty-five thousand ($3,000.00) dollars, for a grand total of forty-eight thousand ($3,500.00) dollars;

H. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: March 3, 2014
    New York, New York

      Respectfully submitted,

      By:/s/ M. Harvey Rephen
      M. Harvey Rephen, (MR3384), Esq.
      M. HARVEY REPHEN & ASSOCIATES, P.C.
      708 Third Avenue, 6th Floor
      New York, New York 10017
      Phone: (212) 796-0930
      Facsimile: (212) 330-7582
      *Attorney for the Plaintiff* Marc Tarzy

To: Cohen & Slamowitz, L.L.P.
   P.O. Box 9012
   Woodbury, New York 11797-9012

   *(Via Prescribed Service)*

   Clerk,
   United States District Court, Eastern of New York
   *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    CASE NO.:

MARC TARZY,

                        Plaintiff(s),

    -against-


COHEN & SLAMOWITZ, L.L.P.,

                        Defendant(s).

_____

## COMPLAINT

_____

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:     (212) 796-0930*
*Facsimile: (212) 330-7582*

_____